**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| JAKEVION TRAYLOR,<br><br>      Plaintiff,<br><br>    v.<br><br>ONE SOURCE TECHNOLOGY, LLC d/b/a ASURINT, FIRST ADVANTAGE BACKGROUND SERVICES CORP., and HIRERIGHT, LLC,<br><br>      Defendants. | CASE NO. 3:23-CV-01542 |

## DEFENDANT HIRERIGHT, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant HireRight, LLC ("HireRight") hereby appears, by and through undersigned counsel, and answers Plaintiff's Complaint as follows:

HireRight denies that it violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA") as alleged in the first paragraph of the Complaint.

## INTRODUCTION

1.    The allegations in paragraph 1 are legal conclusions to which no response is required.  To the extent a response is required, HireRight admits only that Plaintiff seeks to assert claims under the FCRA.

2.    The allegations in paragraph 2 are legal conclusions to which no response is required.  To the extent a response is required, HireRight admits only that it is a consumer reporting agency within the meaning of the FCRA and that it sometimes prepares consumer reports for employment purposes within the meaning of the FCRA.

1

3.      The allegations in paragraph 3 are legal conclusions to which no response is required.  To the extent a response is required, the allegations directed at HireRight are denied.

4.      In response to paragraph 4, HireRight admits only that it prepared a consumer report about Plaintiff on or around February 27, 2023 at the request of Kroger ("Report").  Whether the Report was "inaccurate" is a legal conclusion to which no response is required.  To the extent a response is required, the allegation is denied.  HireRight lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4, and they are therefore denied.

5.      HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5, and they are therefore denied.

6.      HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6, and they are therefore denied.

7.      The allegations in paragraph 7 are legal conclusions to which no response is required.  To the extent a response is required, the allegations directed at HireRight are denied. HireRight lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7, and they are therefore denied.

8.      The allegations in paragraph 8 are legal conclusions to which no response is required.  To the extent a response is required, the allegations directed at HireRight are denied. HireRight lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8, and they are therefore denied.

9.      In response to paragraph 9, HireRight states that whether the Report was "inaccurate" is a legal conclusion to which no response is required.  To the extent a response is required, the allegation is denied.  HireRight denies that it "cost" Plaintiff a job or damaged

Plaintiff in any way. HireRight lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9, and they are therefore denied.

10.    The allegations in paragraph 10 are legal conclusions to which no response is required. To the extent a response is required, the allegations directed at HireRight are denied. HireRight denies that it damaged Plaintiff or is liable to Plaintiff in any way. HireRight lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10, and they are therefore denied.

11.    The allegations in paragraph 11 are legal conclusions to which no response is required. To the extent a response is required, HireRight admits only that Plaintiff seeks to assert claims under the FCRA.

## PARTIES

12.    HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and they are therefore denied.

13.    The allegations in paragraph 13 are legal conclusions to which no response is required.

14.    The allegations in paragraph 14 are legal conclusions to which no response is required.

15.    The allegations in paragraph 15 are legal conclusions to which no response is required. To the extent a response is required, HireRight admits only that it is a Delaware company with its principal place of business in Nashville, Tennessee.

16.    The allegations in paragraph 16 are legal conclusions to which no response is required. To the extent a response is required, HireRight admits only that it is a consumer reporting

agency within the meaning of the FCRA and that it sometimes prepares consumer reports for employment purposes within the meaning of the FCRA.

17.     The allegations in paragraph 17 are legal conclusions to which no response is required.  To the extent a response is required, HireRight admits only that it is a consumer reporting agency within the meaning of the FCRA and that it sometimes prepares consumer reports for employment purposes within the meaning of the FCRA.

## JURISDICTION AND VENUE

18.     The allegations in paragraph 18 are legal conclusions to which no response is required.

19.     The allegations in paragraph 19 are legal conclusions to which no response is required.

## STATUTORY BACKGROUND

20.     The allegations in paragraph 20 refer to the contents of a statute that speaks for itself.  Any contrary characterizations of it are denied.

21.     The allegations in paragraph 21 refer to the contents of a statute that speaks for itself.  Any contrary characterizations of it are denied.

22.     The allegations in paragraph 22 refer to the contents of a statute that speaks for itself.  Any contrary characterizations of it are denied.

23.     The allegations in paragraph 23 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

## THE FCRA'S PROTECTIONS FOR JOB APPLICANTS

24.     In response to paragraph 24, HireRight admits only that it prepared the Report at Kroger's request.  The remaining allegations in paragraph 24 refer to a statute that speaks for itself. Any contrary characterizations of it are denied.

25.     The allegations in paragraph 25 refer to a statute that speaks for itself.  Any contrary characterizations of it are denied.

26.     The allegations in paragraph 26 are legal conclusions to which no response is required.  To the extent a response is required, HireRight admits only that it is a consumer reporting agency within the meaning of the FCRA.  The remaining allegations in paragraph 26 refer to a statute that speaks for itself.  Any contrary characterizations of it are denied.

27.     The allegations in paragraph 27 refer to a statute that speaks for itself.  Any contrary characterizations of it are denied.

28.     The allegations in paragraph 28 refer to a statute that speaks for itself.  Any contrary characterizations of it are denied.

29.     The allegations in paragraph 29 are legal conclusions to which no response is required.  To the extent a response is required, the allegations directed at HireRight are denied. HireRight lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29, and they are therefore denied.

## DEFENDANTS' ILLEGAL BUSINESS PRACTICES[1]

30.     HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 and they are therefore denied.

---

[1] HireRight denies engaging in any illegal conduct.

5

31.    The allegations in paragraph 31 refer to the contents of a document which speaks for itself.  Any contrary characterizations of it are denied.

32.    HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and they are therefore denied.

33.    HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and they are therefore denied.

34.    HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 concerning other "background check companies," and they are therefore denied.  HireRight admits only that it is a consumer reporting agency within the meaning of the FCRA and complies with the FCRA when it prepares consumer reports.

35.    The allegations in paragraph 35 are legal conclusions to which no response is required.  To the extent a response is required, HireRight admits only that it complies with the FCRA when it prepares consumer reports.  The remaining allegations in paragraph 35 are denied.

36.    HireRight denies the allegations in paragraph 36 as directed at HireRight. HireRight lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36, and they are therefore denied.

37.    HireRight denies the allegations in paragraph 37 as directed at HireRight. HireRight lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37, and they are therefore denied.

38.    In response to paragraph 38, HireRight states that the allegations concerning "inaccurate" and "accurate" reports are legal conclusions to which no response is required.  To the extent a response is required, HireRight admits only that it complies with the FCRA when it prepares consumer reports.  The remaining allegations in paragraph 38 directed at HireRight are

denied.  HireRight lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38, and they are therefore denied.

39.    The allegations in paragraph 39 are legal conclusions to which no response is required.  To the extent a response is required, they are denied as to HireRight.  HireRight lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 39, and they are therefore denied.

40.    In response to paragraph 40, HireRight admits only that it is a consumer reporting agency within the meaning of the FCRA, it is an accredited member of the Professional Background Screening Association, and that PBSA sometimes hosts conferences.  The remaining allegations in paragraph 40 directed at HireRight are denied.  HireRight lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 40, and they are therefore denied.

## FACTS

### First Advantage's Report to Walmart

41.    HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41, and they are therefore denied.

42.    HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, and they are therefore denied.

43.    HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43, and they are therefore denied.

44.    HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44, and they are therefore denied.

45.     HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45, and they are therefore denied.

46.     HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, and they are therefore denied.

47.     HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47, and they are therefore denied.

48.     HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48, and they are therefore denied.

49.     HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49, and they are therefore denied.

50.     HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50, and they are therefore denied.

51.     HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51, and they are therefore denied.

52.     HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52, and they are therefore denied.

53.     HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53, and they are therefore denied.

54.     HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54, and they are therefore denied.

55.     HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55, and they are therefore denied.

56.      HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56, and they are therefore denied.

57.      HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57, and they are therefore denied.

58.      HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58, and they are therefore denied.

59.      HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59, and they are therefore denied.

60.      HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60, and they are therefore denied.

61.      HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61, and they are therefore denied.

62.      HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62, and they are therefore denied.

63.      HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63, and they are therefore denied.

**HireRight's Report to Kroger**

64.      HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64, and they are therefore denied.

65.      HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65, and they are therefore denied.

66.      HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66, and they are therefore denied.

67.    In response to paragraph 67, HireRight admits only that it prepared the Report at the request of Kroger pursuant to an agreement.  HireRight lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 67 and they are therefore denied.

68.    Admitted.

69.    In response to paragraph 69, HireRight admits that it prepared the Report at Kroger's request on February 27, 2023.

70.    The allegations in paragraph 70 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

71.    In response to paragraph 71, HireRight states that whether the Report was "inaccurate" is a legal conclusion to which no response is required.  To the extent a response is required, the allegation is denied.  The remaining allegations and screenshot in paragraph 71 refer to the contents of a document that speaks for itself.  Any contrary characterizations of them are denied.

72.    The allegations in paragraph 72 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

73.    HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73, and they are therefore denied.

74.    The allegations in paragraph 74 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

75.    The allegations in paragraph 75 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

76.     The allegations in paragraph 76 are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

77.     HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77, and they are therefore denied.

78.     HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78, and they are therefore denied.

79.     HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79, and they are therefore denied.

80.     In response to paragraph 80, HireRight admits only that it prepared the Report at Kroger's request and reviewed records from the relevant court before providing the Report to Kroger.  The remaining allegations in paragraph 80 refer to documents which speak for themselves.  Any contrary characterizations of them are denied.

81.     In response to paragraph 81, HireRight states that whether the Report was "inaccurate" is a legal conclusion to which no response is required.  To the extent a response is required, the allegation is denied.  HireRight lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 81, and they are therefore denied.

82.     In response to paragraph 82, HireRight states that whether the Report was "false" is a legal conclusion to which no response is required.  To the extent a response is required, the allegation is denied.  HireRight further denies that it "cost" Plaintiff a job or damaged Plaintiff in any way.  HireRight lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 82, and they are therefore denied.

83.     HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83, and they are therefore denied.

11

**Asuirnt's Report to PDQ Temporaries, Inc.**

84.    HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84, and they are therefore denied.

85.    HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85, and they are therefore denied.

86.    HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86, and they are therefore denied.

87.    HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87, and they are therefore denied.

88.    HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88, and they are therefore denied.

89.    HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 89, and they are therefore denied.

90.    HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90, and they are therefore denied.

91.    HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91, and they are therefore denied.

92.    HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92, and they are therefore denied.

93.    HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93, and they are therefore denied.

94.    HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94, and they are therefore denied.

95.      HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95, and they are therefore denied.

96.      HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96, and they are therefore denied.

97.      HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97, and they are therefore denied.

98.      HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98, and they are therefore denied.

99.      HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99, and they are therefore denied.

100.     HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100, and they are therefore denied.

101.     In response to paragraph 101, HireRight states that whether the Report was "published with the maximum possible accuracy" is a legal conclusion to which no response is required.  To the extent a response is required, the allegation is denied.  HireRight lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 101, and they are therefore denied.

102.     The allegations in paragraph 102 are legal conclusions to which no response is required.  To the extent a response is required, the allegations directed at HireRight are denied. HireRight lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 102, and they are therefore denied.

103.     In response to paragraph 103, HireRight states that it did not violate the FCRA as alleged.  HireRight lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 103, and they are therefore denied.

### CLAIMS FOR RELIEF

### COUNT I
### 15 U.S.C. § 1681e(b)

104.     HireRight incorporates paragraphs 1 through 103 of its Answer as if set forth at length herein.

105.     In response to paragraph 105, HireRight admits only that it is a consumer reporting agency within the meaning of the FCRA and complies with the FCRA when it prepares consumer reports.  HireRight lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 concerning the other defendants, and they are therefore denied.

106.     The allegations in paragraph 106 are legal conclusions to which no response is required.

107.     In response to paragraph 107, HireRight admits only that the Report prepared at Kroger's request is a consumer report within the meaning of the FCRA.  HireRight lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 107 concerning the other defendants or their reports, and they are therefore denied.

108.     The allegations in paragraph 108 are legal conclusions to which no response is required.  To the extent a response is required, the allegations as to HireRight are denied. HireRight lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 108 directed at other defendants, and they are therefore denied.

109.     The allegations in paragraph 109 are legal conclusions to which no response is required.  To the extent a response is required, the allegations as to HireRight are denied.

HireRight lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 109 directed at other defendants, and they are therefore denied.

110.    The allegations in paragraph 110 are legal conclusions to which no response is required.    To the extent a response is required, the allegations as to HireRight are denied. HireRight lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 110 directed at other defendants, and they are therefore denied.

111.    The allegations in paragraph 111 are legal conclusions to which no response is required.    To the extent a response is required, the allegations as to HireRight are denied. HireRight lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 111 directed at other defendants, and they are therefore denied.

## PRAYER FOR RELIEF

**WHEREFORE**, this Court should enter judgment on all counts of Plaintiff's Complaint in favor of HireRight and against Plaintiff and specifically requests that the Court deny judgment to Plaintiff's corresponding requests for relief as follows:

    i.    Denied as to HireRight;

    ii.    Denied as to HireRight;

    iii.    Denied as to HireRight; and

    iv.    Denied as to Plaintiff's request against HireRight.

## DEMAND FOR JURY TRIAL

Plaintiff's jury demand is a legal conclusion to which no response is required.

## AFFIRMATIVE AND OTHER DEFENSES

HireRight asserts the following affirmative and other defenses to Plaintiff's Complaint. HireRight reserves the right to assert additional defenses that become available or apparent during the discovery period, as well as its right to amend its Answer.

1.    Plaintiff's claim is barred on the ground that HireRight acted reasonably at all times, without negligence, without recklessness, and without intent to injure Plaintiff.

2.    Plaintiff's claim is barred on the ground that HireRight has reasonable procedures to assure the maximum possible accuracy of consumer reports.

3.    Plaintiff's claim is barred on the ground that HireRight's actions or omissions did not cause, proximately or otherwise, the injury or damages Plaintiff alleges to have suffered.

4.    Plaintiff's claim is barred to the extent that Plaintiff's alleged damages were caused by Plaintiff or a third party, such as Plaintiff's potential employer.

5.    Plaintiff's claim is barred to the extent that Plaintiff has suffered no actual damages, and an award of statutory and/or punitive damages to him would violate HireRight's due process rights as they are disproportionate to the harm alleged and suffered.

6.    Plaintiff's claim is barred to the extent that Plaintiff failed to mitigate his alleged damages.

7.    Plaintiff's claim is barred to the extent that HireRight acted at all times in accordance with the FCRA

Dated: September 8, 2023                         Respectfully submitted,

                                                 */s/  Jonathan A. Lautin*
                                                 JONATHAN A. LAUTIN
                                                 State Bar No. 24092669
                                                 QUILLING, SELANDER, LOWNDS,
                                                 WINSLETT & MOSER, P.C.
                                                 2001 Bryan Street, Suite 1800
                                                 Dallas, Texas 75201
                                                 (214) 871-2100 (office)
                                                 jlautin@qslwm.com

                                                 **LOCAL COUNSEL FOR HIRERIGHT, LLC**


                                                 MONTGOMERY MCCRACKEN
                                                 John G. Papianou *(pro hac vice* forthcoming*)*
                                                 Leah A. Tedford *(pro hac vice* forthcoming)
                                                 1735 Market Street, 21st Floor
                                                 Philadelphia, PA 19103
                                                 (215) 772-1500 (office)
                                                 jpapianou@mmwr.com
                                                 ltedford@mmwr.com

                                                 **COUNSEL FOR HIRERIGHT, LLC**


### CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the above and foregoing was served upon

all counsel of record in accordance with the Federal Rules of Civil Procedure on this 8th day of

September, 2023.

                                                 */s/  Jonathan A. Lautin*
                                                 JONATHAN A. LAUTIN