**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| JAKEVION TRAYLOR,<br><br>     Plaintiff,<br><br>  v.<br><br>ONE SOURCE TECHNOLOGY, LLC d/b/a<br>ASURINT, FIRST ADVANTAGE<br>BACKGROUND SERVICES CORP., AND<br>HIRERIGHT, LLC,<br><br>     Defendants. | Case No. 3:23-cv-01542-D |

**DEFENDANT FIRST ADVANTAGE BACKGROUND SERVICES CORP.'S ANSWER
AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT**

   Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP., by its attorneys

and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's

Complaint and asserts its affirmative and other defenses follows:

**INTRODUCTION**

**COMPLAINT ¶1:**

   This is an individual action for damages, costs, and attorney's fees brought against
Defendants pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. ("FCRA").

**ANSWER:**

   First Advantage admits that Plaintiff brings this action under the Fair Credit Reporting

Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") to recover his alleged damages and obtain other relief.

First Advantage denies that it violated the FCRA or any other law, and further denies that

Plaintiff is entitled to any relief whatsoever.  First Advantage denies the remaining allegations in

Paragraph No. 1 of the Complaint.

**COMPLAINT ¶2:**

Defendants are consumer reporting agencies that compile and maintain files on consumers on a nationwide basis. They sell consumer reports generated from their databases and furnish these consumer reports to employment/staffing agencies and employers who use the reports to make decisions regarding whether to offer employment to certain consumers.

**ANSWER:**

First Advantage admits that some of its business activities, including assembling information on consumers for the purpose of furnishing background reports for employment purposes to third parties, make it a "consumer reporting agency" under the FCRA as to those activities only.  First Advantage denies the remaining allegations in Paragraph No. 2 of the Complaint regarding First Advantage.  First Advantage lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 2 of the Complaint.

**COMPLAINT ¶3:**

Defendants falsely reported to Plaintiff's prospective employers that Plaintiff was charged with a Class A felony aggravated sexual assault of a child. Defendant's reporting is grossly inaccurate and untrue.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 3 of the Complaint regarding First Advantage.  First Advantage lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 3 of the Complaint.

**COMPLAINT ¶4:**

At least three of Plaintiff's prospective employers denied Plaintiff's job applications after receiving employment background check reports from Defendants, which included the inaccurate felony charge.

**ANSWER:**

First Advantage denies that its reporting was inaccurate. First Advantage lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

in Paragraph No. 4 of the Complaint.

**COMPLAINT ¶5:**

Defendants' inaccurate reporting could have easily been avoided had Defendants
performed a cursory review of the widely available underlying public court records from Upshur
County, Texas regarding the felony aggravated sexual assault of a child prior to publishing
Plaintiff's reports to his prospective employers.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 5 of the Complaint regarding

First Advantage. First Advantage lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in Paragraph No. 5 of the Complaint.

**COMPLAINT ¶6:**

Had Defendants performed even a cursory review of the underlying public court records,
they would have discovered that Plaintiff's aggravated sexual assault of a child was dismissed
and reduced to felony injury to a child.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 6 of the Complaint regarding

First Advantage. First Advantage lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in Paragraph No. 6 of the Complaint.

**COMPLAINT ¶7:**

Defendants do not employ reasonable procedures to assure the maximum possible
accuracy of the information they report regarding consumers. Defendants' failure to employ
reasonable procedures resulted in Plaintiff's reports being grossly inaccurate.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 7 of the Complaint regarding

First Advantage.  First Advantage lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in Paragraph No. 7 of the Complaint.

**COMPLAINT ¶8:**

Defendants committed these violations pursuant to their standard policies and practices,
which harm innocent consumers seeking employment by prejudicing employment/staffing
agencies and prospective employers with inaccurate criminal record information.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 8 of the Complaint regarding

First Advantage.  First Advantage lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in Paragraph No. 8 of the Complaint.

**COMPLAINT ¶9:**

Defendants' inaccurate reports cost Plaintiff multiple good paying jobs and job security.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 9 of the Complaint regarding

First Advantage.  First Advantage lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in Paragraph No. 9 of the Complaint.

**COMPLAINT ¶10:**

As a result of Defendants' violations of the FCRA, Plaintiff has suffered a range of actual
damages including, without limitation, loss of employment opportunities, wages, and benefits;
loss of economic opportunities and positions and advancements in the future; damage to his
reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life;
and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and
embarrassment.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 10 of the Complaint regarding

First Advantage.  First Advantage lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in Paragraph No. 10 of the Complaint.

**COMPLAINT ¶11:**

As a result of Defendants' conduct, action, and inaction, Plaintiff brings claims against
Defendants for failing to follow reasonable procedures to assure maximum possible accuracy
based on 15 U.S.C. § 1681e(b) of the FCRA.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 11 of the Complaint regarding

First Advantage.  First Advantage lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in Paragraph No. 11 of the Complaint.

## PARTIES

**COMPLAINT ¶12:**

Jakevion Traylor ("Plaintiff" or "Mr. Traylor") is a natural person residing in Dallas,
Texas, and is a "consumer" as that term is defined in 15 U.S.C. § 1681a(c).

**ANSWER:**

Upon information and belief, First Advantage admits the allegations in Paragraph No. 12

of the Complaint.

**COMPLAINT ¶13:**

Defendant One Source Technology, LLC d/b/a Asurint ("Asurint") is a California
corporation doing business throughout the United States, including the State of Illinois and in
this District, and has a principal place of business located at 1501 Euclid Avenue, Suite 900,
Cleveland, Ohio 44115. Asurint can be served through its Registered Agent, c/o One Source
Technology, LLC, at 1111 Superior Ave E #2200, Cleveland, OH 44114.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 13 of the Complaint.

**COMPLAINT ¶14:**

Defendant First Advantage Background Services Corp. ("First Advantage") is a Florida corporation doing business throughout the United States, including the State of Illinois and in this District, and has a principal place of business located at 1 Concourse Parkway NE, Suite 200, Atlanta, GA 30328. First Advantage can be served through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

**ANSWER:**

First Advantage admits the allegations in Paragraph No. 14 of the Complaint.

**COMPLAINT ¶15:**

Defendant HireRight, LLC ("HireRight") is a Delaware corporation doing business throughout the United States, including the State of Texas and in this District, and has a principal place of business located at 14002 East 21st Street, Suite 1200, Tulsa, Oklahoma 74134. HireRight can be served through its registered agent, LegalInc Corporate Services, Inc., 624 South Denver Avenue, Suite 300A, Tulsa, Oklahoma 74119

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 15 of the Complaint.

**COMPLAINT ¶16:**

Among other things, Defendants sell background checks to employment/staffing agencies and employers for their use in deciding whether to offer employment to prospective employees or to take adverse action such as termination, failure to hire, or failure to promote. These reports are provided in connection with a business transaction initiated by the employment /staffing agency and/or employer.

**ANSWER:**

First Advantage admits the allegations in the first sentence of Paragraph No. 16 of the

Complaint regarding First Advantage.  First Advantage denies the remaining allegations in

Paragraph No. 16 of the Complaint regarding First Advantage.  First Advantage lacks knowledge

or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph

No. 16 of the Complaint.

**COMPLAINT ¶17:**

Defendants are consumer reporting agencies as defined in 15 U.S.C. § 1681a(f) because for monetary fees, they regularly engage in the practice of evaluating and/or assembling information on consumers for the purpose of furnishing consumer reports for employment purposes to third parties, and uses interstate commerce, including the Internet, for the purpose of preparing and furnishing such consumer reports.

**ANSWER:**

First Advantage admits that some of its business activities, including assembling information on consumers for the purpose of furnishing consumer reports to third parties for employment purposes, make it a "consumer reporting agency" under the FCRA as to those activities only.  First Advantage denies the remaining allegations in Paragraph No. 17 of the Complaint regarding First Advantage.  First Advantage lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 17 of the Complaint.

**JURISDICTION AND VENUE**

**COMPLAINT ¶18:**

This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

**ANSWER:**

First Advantage admits the allegations in Paragraph No. 18 of the Complaint.

**COMPLAINT ¶19:**

Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

**ANSWER:**

First Advantage admits that venue is proper in this judicial district.  First Advantage denies the remaining allegations in Paragraph No. 19 of the Complaint.

## STATUTORY BACKGROUND

**COMPLAINT ¶20:**

Enacted in 1970, the FCRA's passage was driven in part by two related concerns: first, that consumer reports were playing a central role in people's lives at crucial moments, such as when they applied for a job or credit, and when they applied for housing. Second, despite their importance, consumer reports were unregulated and had widespread errors and inaccuracies.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 20 of the Complaint.

**COMPLAINT ¶21:**

While recognizing that consumer reports play an important role in the economy, Congress wanted consumer reports to be "fair and equitable to the consumer" and to ensure "the confidentiality, accuracy, relevancy, and proper utilization" of consumer reports. 15 U.S.C. § 1681.

**ANSWER:**

First Advantage admits that the FCRA contains the language quoted in Paragraph No. 21 of the Complaint.  First Advantage denies the remaining allegations in Paragraph No. 21 of the Complaint.

**COMPLAINT ¶22:**

Congress, concerned about inaccuracies in consumer reports, specifically required consumer reporting agencies to follow "reasonable procedures to assure maximum possible accuracy" in consumer reports. 15 U.S.C. § 1681e(b).

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 22 of the Complaint.

**COMPLAINT ¶23:**

Consumer reports that contain factually incorrect information which does not belong to the consumer at issue are neither maximally accurate nor fair to the consumers who are the subjects of such reports.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 23 of the Complaint.

## THE FCRA'S PROTECTIONS FOR JOB APPLICANTS

**COMPLAINT ¶24:**

Despite its name, the Fair Credit Reporting Act covers more than just credit reporting, it also regulates employment background check reports like the ones Defendants prepared in Plaintiff's name.

**ANSWER:**

First Advantage admits that the FCRA applies to consumer reports prepared for credit or employment purposes. First Advantage denies the remaining allegations in Paragraph No. 24 of the Complaint regarding First Advantage. First Advantage lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph No. 24 of the Complaint.

**COMPLAINT ¶25:**

The FCRA provides a number of protections for job applicants who are the subject of background checks for purposes of securing employment, housing, and other purposes.

**ANSWER:**

First Advantage admits that the FCRA provides protections for consumers who are the subjects of consumer reports. First Advantage denies the remaining allegations in Paragraph No. 25 of the Complaint.

**COMPLAINT ¶26:**

In the parlance of the FCRA, background checks are "consumer reports," and providers of background checks, like Defendants, are "consumer reporting agencies." 15 U.S.C. §§ 1681a(d) and (f).

**ANSWER:**

First Advantage admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only. First Advantage denies the remaining allegations in Paragraph No. 26 of the Complaint regarding First Advantage. First Advantage

lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph No. 26 of the Complaint.

**COMPLAINT ¶27:**

The FCRA imposes duties on consumer reporting agencies to assure that consumer reports are accurate and that "consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681.

**ANSWER:**

First Advantage admits that the FCRA contains the language quoted in Paragraph No. 27

of the Complaint. First Advantage denies the remaining allegations in Paragraph No. 27 of the

Complaint.

**COMPLAINT ¶28:**

Under 15 U.S.C. § 1681e(b), consumer reporting agencies are required "to follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

**ANSWER:**

First Advantage admits that the FCRA contains the language quoted in Paragraph No. 28

of Complaint. First Advantage denies the remaining allegations in Paragraph No. 28 of the

Complaint.

**COMPLAINT ¶29:**

Defendants disregarded their respective duties under the FCRA with respect to Plaintiff's background check reports.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 29 of the Complaint regarding

First Advantage. First Advantage lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in Paragraph No. 29 of the Complaint.

## DEFENDANTS' ILLEGAL BUSINESS PRACTICES

**COMPLAINT ¶30:**

Over the past 15 years, there has been increased collection and aggregation of consumer data, including criminal records and sex offender registration data. As a result of the increasing availability of this data, there has been a boom in the background check industry.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 30 of the Complaint.

**COMPLAINT ¶31:**

As summarized in a recent report by the Consumer Financial Protection Bureau[1], a 2018 survey of employers found that 95 percent of employers surveyed conducted one or more types of background screening. CFPB Report at 4.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 31 of the Complaint.

**COMPLAINT ¶32:**

The criminal background check industry takes in revenues in excess of three billion dollars, annually.[2]

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 32 of the Complaint.

**COMPLAINT ¶33:**

Criminal background checks are generally created by running automated searches through giant databases of aggregated criminal record data. The reports are created and

---

[1] CFPB, Market Snapshot: Background Screening Reports (Oct. 2019), https://files.consumerfinance.gov/f/documents/201909_cfpb_market-snapshot-background-screening_report.pdf ("CFPB Report").
[2] IBISWorld, Inc., Background Check Services in the US: Report Snapshot, available at http://www.ibisworld.com/industry/background-check-services.html.

disseminated with little to no manual, in-person review, and the underlying court records are rarely directly reviewed in creating criminal background checks.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 33 of the Complaint.

**COMPLAINT ¶34:**

Background check companies, like Defendants, collect millions of criminal records from a number of sources with data from county, state, and federal level sources. The data included on the reports is often not obtained directly from court records on an individual basis but instead is purchased in bulk or scraped from court websites.

**ANSWER:**

First Advantage admits that it obtains criminal record information from a variety of

sources, including county, state, and federal courts.  First Advantage denies the remaining

allegations in Paragraph No. 34 of the Complaint regarding First Advantage.  First Advantage

lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph No. 34 of the Complaint.

**COMPLAINT ¶35:**

Given that Defendants are in the business of selling background checks, Defendants should be well aware of the FCRA and the attendant harm to consumers for reporting inaccurate or outdated information.

**ANSWER:**

First Advantage affirmatively states that, as an entity that sells background reports, it is

aware of the FCRA's requirements and the potential harms from inaccurate reporting.  First

Advantage denies the remaining allegations in Paragraph No. 35 of the Complaint regarding First

Advantage.  First Advantage lacks knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in Paragraph No. 35 of the Complaint.

**COMPLAINT ¶36:**

Defendants place their business interests above the rights of consumers and report such inaccurate information because it is cheaper for Defendants to produce reports containing

information that is inaccurate and incomplete than it is for Defendants to exert proper quality control over the reports prior to their being provided to Defendants' customers.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 36 of the Complaint regarding

First Advantage.  First Advantage lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in Paragraph No. 36 of the Complaint.

**COMPLAINT ¶37:**

Defendants report such erroneous and incomplete information because they want to maximize the automation of their report creation process, thereby saving the costs associated with conducting the additional review necessary to remove the inaccurate or out-of-date entries.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 37 of the Complaint regarding

First Advantage.  First Advantage lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in Paragraph No. 37 of the Complaint.

**COMPLAINT ¶38:**

Defendants charge their customers the same price for reports that are grossly inaccurate as they do for accurate reports.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 38 of the Complaint regarding

First Advantage.  First Advantage lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in Paragraph No. 38 of the Complaint.

**COMPLAINT ¶39:**

Appropriate quality control review of Plaintiff's reports would have made clear that Defendants were reporting a felony injury to a child charge as a felony aggravated sexual assault of a child charge.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 39 of the Complaint regarding

First Advantage.  First Advantage lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in Paragraph No. 39 of the Complaint.

**COMPLAINT ¶40:**

As providers of background check reports, Defendants should be aware of the FCRA
requirements and are likely members of the Professional Background Screening Association
("PBSA"). PBSA hosts a conference at least once a year where presenters discuss compliance
with federal and state consumer reporting laws.

**ANSWER:**

First Advantage affirmatively states that it is aware of the FCRA's requirements.  First

Advantage admits the remaining allegations in Paragraph No. 40 of the Complaint regarding

First Advantage.  First Advantage lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in Paragraph No. 40 of the Complaint.

<u>**FACTS**</u>

**Plaintiff Applies for a Job with Walmart**

**COMPLAINT ¶41:**

In or about September 2021, Plaintiff applied for full-time employment as an overnight
stocker with Walmart.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 41 of the Complaint.

**COMPLAINT ¶42:**

Plaintiff wanted this Walmart job for the higher pay and benefits, and because he had
recently moved and wanted to find a job that was in closer proximity to his children. Plaintiff is
the primary earner for his family and has two children.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 42 of the Complaint.

**COMPLAINT ¶43:**

Upon applying to Walmart, Plaintiff successfully completed an interview.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 43 of the Complaint.

**COMPLAINT ¶44:**

In or about September 2021, Walmart extended a job offer to Plaintiff for the position to which he applied. The job offer was conditioned upon Plaintiff passing a background check ("employment report.").

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 44 of the Complaint.

**First Advantage Published an Inaccurate Background Check Report to Walmart**

**COMPLAINT ¶45:**

Walmart contracted with First Advantage to conduct background checks, including criminal background checks on its prospective employees.

**ANSWER:**

First Advantage admits the allegations in Paragraph No. 45 of the Complaint.

**COMPLAINT ¶46:**

On or about September 20, 2021, Walmart ordered a criminal background check on Plaintiff from First Advantage.

**ANSWER:**

First Advantage admits the allegations in Paragraph No. 46 of the Complaint.

**COMPLAINT ¶47:**

On or about September 25, 2021, in accordance with its standard procedures, First Advantage completed its employment report about Plaintiff and sold the same to Walmart.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 47 of the Complaint.

**COMPLAINT ¶48:**

Within that employment report, First Advantage published inaccurate information about Plaintiff.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 48 of the Complaint.

**COMPLAINT ¶49:**

Specifically, First Advantage's employment report about Plaintiff included a grossly inaccurate and stigmatizing felony aggravated sexual assault of a child from Upshur County, Texas, which appeared in the employment report as follows:

| | |
|---|---|
| Case Reference # | 18200 |
| Case Date | 04/Oct/2018 |
| Name on File | JAKEVION DIANDRE TRAYLOR |
| DoB on File | XX/XX/XXXX |
| Charge | AGGRAVATED SEXUAL ASSAULT - CHILD |
| Charge Type | FELONY |
| Disposition | DEFERRED ADJUDICATION |
| Disposition Date | 18/Jun/2021 |
| Sentence | PROBATION 3 YEARS DEFERRED; COURT COSTS 350; FINE 1000; OTHER NO OTHER ID'S AVAILABLE VIA PUBLIC ACCESS; OTHER NO OTHER CASE INFORMATION AVAILABLE VIA PUBLIC ACCESS; OTHER DISTRICT |

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 49 of the Complaint.

**COMPLAINT ¶50:**

The felony aggravated sexual assault of a child charge reported by First Advantage about Plaintiff is inaccurate and has a particularly negative connotation.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 50 of the Complaint.

**COMPLAINT ¶51:**

A cursory review of the widely available underlying public court records confirms that Plaintiff's aggravated sexual assault of a child case was dismissed and the charge was reduced to a felony injury to a child.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 51 of the Complaint.

**COMPLAINT ¶52:**

The sole reason the inaccurate felony charge was reported as belonging to Plaintiff was that First Advantage failed to follow reasonable procedures to assure the maximum possible accuracy of the information it published within the employment report it sold about Plaintiff to Plaintiff's prospective employer.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 52 of the Complaint.

**COMPLAINT ¶53:**

Had First Advantage followed reasonable procedures, it would have discovered that Plaintiff's aggravated sexual assault to a child case was dismissed and reduced to felony injury to a child and that it should not have reported the same.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 53 of the Complaint.

**COMPLAINT ¶54:**

In preparing and selling a consumer report about Plaintiff, wherein First Advantage published to Plaintiff's prospective employer inaccurate information about Plaintiff, First Advantage failed to follow reasonable procedures to assure that the report was as accurate as maximally possible, in violation of 15 U.S.C. § 1681e(b).

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 54 of the Complaint.

**Walmart Denies Plaintiff's Job Application**

**COMPLAINT ¶55:**

Shortly after September 25, 2021, Plaintiff was contacted by a Walmart representative and informed that his employment application was denied as a direct result of the felony aggravated sexual assault of a child deferred adjudication reported by First Advantage.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 55 of the Complaint.

**COMPLAINT ¶56:**

Plaintiff explained that he had a deferred adjudication on a felony injury to a child charge and that First Advantage's reporting is inaccurate.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 56 of the Complaint.

**COMPLAINT ¶57:**

Plaintiff was very panicked, confused, and concerned about the impact of the inaccurate reporting that he had a deferred adjudication on a felony aggravated sexual assault of a child, both in relation to the Walmart position, but also the impact of the same on his future. Plaintiff was humiliated, ashamed, and embarrassed to be falsely labeled as a pedophile.

**ANSWER:**

First Advantage denies that its reporting was inaccurate.  First Advantage lacks

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

in Paragraph No. 57 of the Complaint.

**COMPLAINT ¶58:**

Specifically, First Advantage reported a felony aggravated sexual assault of a child charge that is clearly labeled in the underlying court records as a felony injury to a child charge. The underlying court records were available to First Advantage prior to publishing Plaintiff's employment report to Walmart, but First Advantage failed to obtain or perform even a cursory review of such information.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 58 of the Complaint.

**COMPLAINT ¶59:**

Plaintiff continued to follow up with Walmart and hoped that the job offer would be reinstated, however, Walmart did not renew its job offer to Plaintiff.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 59 of the Complaint.

**COMPLAINT ¶60:**

Plaintiff reasonably believes that due to First Advantage's inaccurate reporting in the first instance, Walmart formed a negative opinion about Plaintiff and/or moved on to other candidates.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 60 of the Complaint.

**COMPLAINT ¶61:**

First Advantage's false report cost Plaintiff a promising, well-paying job with Walmart.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 61 of the Complaint.

**COMPLAINT ¶62:**

The position with Walmart was full-time and Plaintiff was set to earn $16.50 per hour with a competitive benefits package. More importantly, Plaintiff was excited to provide a better life for his family.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 62 of the Complaint.

**COMPLAINT ¶63:**

Due to First Advantage's unreasonable procedures in the first place and despite Plaintiff's continued efforts to seek employment, Plaintiff was unemployed for approximately three weeks and was forced to obtain a harder job that was paid significantly less – only $12.00 per hour.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 63 of the Complaint.

**Plaintiff Applies for a Job with Kroger**

**COMPLAINT ¶64:**

In or about January 2023, Plaintiff applied for full-time employment as an overnight stocker with Kroger.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 64 of the Complaint.

**COMPLAINT ¶65:**

Upon applying to Kroger, Plaintiff successfully completed an interview.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 65 of the Complaint.

**COMPLAINT ¶66:**

In or about February 2023, Kroger extended a job offer to Plaintiff for the position to which he applied. The job offer was conditioned about Plaintiff passing a background check ("employment report").

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 66 of the Complaint.

**HireRight Published an Inaccurate Background Check Report to Kroger**

**COMPLAINT ¶67:**

Kroger contracted with HireRight to conduct background checks, including criminal background checks, on its prospective employees.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 67 of the Complaint.

**COMPLAINT ¶68:**

In or about February 21, 2023, Kroger ordered a criminal background check on Plaintiff from HireRight.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 68 of the Complaint.

**COMPLAINT ¶69:**

In or about late-February or early March 2023, in accordance with its standard procedures, HireRight completed its employment report about Plaintiff and sold the same to Kroger.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 69 of the Complaint.

**COMPLAINT ¶70:**

Within that employment report, HireRight published inaccurate information about Plaintiff.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 70 of the Complaint.

**COMPLAINT ¶71:**

Specifically, HireRight's employment report about Plaintiff included a grossly inaccurate and stigmatizing felony aggravated sexual assault of a child charge from Upshur County, Texas, which appeared in the employment report as follows:



**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 71 of the Complaint.

**COMPLAINT ¶72:**

The felony aggravated sexual assault of a child charge reported by HireRight about Plaintiff is inaccurate.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 72 of the Complaint.

**COMPLAINT ¶73:**

A cursory review of the widely available underlying public records confirms that Plaintiff's aggravated sexual assault of a child was dismissed and the charge was reduced to a felony injury to a child.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 73 of the Complaint.

**COMPLAINT ¶74:**

The sole reason the inaccurate felony charge was reported as belonging to Plaintiff was that HireRight failed to follow reasonable procedures to assure the maximum possible accuracy of the information it published within the employment report it sold about Plaintiff to Plaintiff's prospective employer.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 74 of the Complaint.

**COMPLAINT ¶75:**

Had HireRight followed reasonable procedures, it would have discovered that Plaintiff's aggravated sexual assault to a child case was dismissed and reduced to felony injury to a child and that it should not have reported the same.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 75 of the Complaint.

**COMPLAINT ¶76:**

In preparing and selling a consumer report about Plaintiff, wherein HireRight published to Plaintiff's prospective employer inaccurate information about Plaintiff, HireRight failed to follow reasonable procedures to assure that the report was as accurate as maximally possible, in violation of 15 U.S.C. § 1681e(b).

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 76 of the Complaint.

**Kroger Terminates Plaintiff's Employment**

**COMPLAINT ¶77:**

On or about mid-March 2023, when Plaintiff had already been employed by Kroger two and a half weeks, Kroger terminated Plaintiff's employment as a direct result of the felony aggravated sexual assault of a child deferred adjudication contained in the background check report published by HireRight.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 77 of the Complaint.

**COMPLAINT ¶78:**

Plaintiff explained that he had a deferred adjudication on a felony injury to a child and
that HireRight's reporting is inaccurate.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 78 of the Complaint.

**COMPLAINT ¶79:**

Plaintiff was very panicked, confused, and concerned about the impact of the inaccurate
reporting that he had a deferred adjudication on a felony aggravated sexual assault of a child,
both in relation to the Kroger position, but also the impact of the same on his future.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 79 of the Complaint.

**COMPLAINT ¶80:**

Specifically, HireRight reported a felony aggravated sexual assault of a child charge that
is clearly labeled in the underlying court records as a felon injury to a child charge. The
underlying court records were available to HireRight prior to publishing Plaintiff's employment
report to Kroger, but HireRight failed to obtain or perform even a cursory review of such
information.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 80 of the Complaint.

**COMPLAINT ¶81:**

Plaintiff reasonably believes that due to HireRight's inaccurate reporting in the first
instance, Kroger formed a negative opinion about Plaintiff and/or moved on to other candidates.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 81 of the Complaint.

**COMPLAINT ¶82:**

Plaintiff had explained to Kroger that the background check was inaccurate and that the aggravated assault case had been dismissed and the reduced to criminal negligence (injury to a child) and not sexual assault. Had Kroger had the correct information, it would have made a difference. HireRight's report cost Plaintiff a promising, well-paying job with Kroger.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 82 of the Complaint.

**COMPLAINT ¶83:**

The position with Kroger was full-time and Plaintiff was set to earn $17.55 per hour with a competitive benefits package. More importantly, Plaintiff was excited to provide a better life for his family.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 83 of the Complaint.

**Plaintiff Applies for a Job with PDQ Temporaries Inc.**

**COMPLAINT ¶84:**

In or about March 2023, Plaintiff applied for employment as a temporary worker with PDQ Temporaries, Inc. ("PDQ.").

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 84 of the Complaint.

**COMPLAINT ¶85:**

The job offer was conditioned upon Plaintiff passing a background check ("employment report").

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 85 of the Complaint.

**Asurint Published an Inaccurate Background Check Report to PDQ**

**COMPLAINT ¶86:**

PDQ contracted with Asurint to conduct background checks, including criminal
background checks, on its prospective employees.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 86 of the Complaint

**COMPLAINT ¶87:**

On or about March 21, 2023, PDQ ordered a criminal background check about Plaintiff
from Asurint.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 87 of the Complaint

**COMPLAINT ¶88:**

On or about March 24, 2023, in accordance with its standard procedures, Asurint
completed its employment report about Plaintiff and sold the same to PDQ.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 88 of the Complaint.

**COMPLAINT ¶89:**

Within that employment report, Asurint published inaccurate information about Plaintiff.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 89 of the Complaint.

**COMPLAINT ¶90:**

Specifically, Asurint's employment report about Plaintiff included a grossly inaccurate
and stigmatizing felony aggravated sexual assault of a child charge from Upshur County, Texas,
which appeared in the employment report as follows:



**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 90 of the Complaint.

**COMPLAINT ¶91:**

The felony aggravated sexual assault of a child charge reported by Asurint about Plaintiff
is inaccurate.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 91 of the Complaint.

**COMPLAINT ¶92:**

A cursory review of the widely available underlying public court records confirms that Plaintiff's aggravated sexual assault of a child case was dismissed and the charge was reduced to a felony injury to a child.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 92 of the Complaint.

**COMPLAINT ¶93:**

The sole reason the inaccurate felony charge was reported as belonging to Plaintiff was that Asurint failed to follow reasonable procedures to assure the maximum possible accuracy of the information it published within the employment report it sold about Plaintiff to Plaintiff's prospective employer.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 93 of the Complaint.

**COMPLAINT ¶94:**

Had Asurint followed reasonable procedures, it would have discovered that Plaintiff's aggravated sexual assault to a child case was dismissed and reduced to felony injury to a child and that it should not have reported the same.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 94 of the Complaint.

**COMPLAINT ¶95:**

In preparing and selling a consumer report about Plaintiff, wherein Asurint published to Plaintiff's prospective employer inaccurate information about Plaintiff, Asurint failed to follow reasonable procedures to assure that the report was as accurate as maximally possible, in violation of 15 U.S.C. § 1681e(b).

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 95 of the Complaint.

**COMPLAINT ¶96:**

On or about April 14, 2023, Plaintiff received a denial letter stating that PDQ is unable to offer employment as a direct result of the information reported by Asurint.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 96 of the Complaint.

**COMPLAINT ¶97:**

Plaintiff was very panicked, confused, and concerned about the impact of the inaccurate reporting that he had a deferred adjudication on a felony aggravated sexual assault of a child, both in relation to the PDQ position, but also the impact of the same on his future.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 97 of the Complaint.

**COMPLAINT ¶98:**

Specifically, Asurint reported a felony aggravated sexual assault of a child charge that is clearly labeled in the underlying court records as a felony injury to a child charge. The underlying court records were available to Asurint prior to publishing Plaintiff's employment report to PDQ, but Asurint failed to obtain or perform even a cursory review of such information.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 98 of the Complaint.

**COMPLAINT ¶99:**

Plaintiff reasonably believes that due to Asurint's inaccurate reporting in the first instance, PDQ formed a negative opinion about Plaintiff and/or moved on to other candidates.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 99 of the Complaint.

**COMPLAINT ¶100:**

Asurint's false report cost Plaintiff a promising, well-paying job with PDQ.

**ANSWER:**

First Advantage lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph No. 100 of the Complaint.

**COMPLAINT ¶101:**

Upon information and belief, Plaintiff would have been more likely able to secure
employment with Walmart, Kroger, and PDQ if Plaintiff's criminal record was published with
the maximum possible accuracy.

**ANSWER:**

First Advantage denies that its reporting was inaccurate and denies the allegations in

Paragraph No. 101 of the Complaint regarding the background report that First Advantage

prepared on Plaintiff for Walmart.  First Advantage lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph No. 101 of the Complaint.

**COMPLAINT ¶102:**

The injuries suffered by Plaintiff as a direct result of Defendants' erroneous reporting are
the type of injuries that the FCRA was enacted to address. Under common law, Defendant's
conduct would have given rise to causes of action based on defamation and invasion of privacy.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 102 of the Complaint regarding

First Advantage.  First Advantage lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in Paragraph No. 102 of the Complaint.

**COMPLAINT ¶103:**

As a result of Defendants' violations of the FCRA, Plaintiff has suffered a range of actual
damages including, without limitation, loss of employment opportunities, wages, and benefits;
loss of economic opportunities and positions and advancements in the future; damage to his
reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life;
and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and
embarrassment.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 103 of the Complaint regarding

First Advantage. First Advantage lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in Paragraph No. 103 of the Complaint.

**CLAIMS FOR RELIEF**
**COUNT I**
**15 U.S.C. § 1681e(b)**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**

**COMPLAINT ¶104:**

Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding
paragraphs as if fully stated herein.

**ANSWER:**

First Advantage restates its answers to Paragraph Nos. 1 through 103 as its answer to

Paragraph No. 104 of the Complaint.

**COMPLAINT ¶105:**

Defendants are "consumer reporting agenc[ies]" as defined by 15 U.S.C. § 1681a(f).

**ANSWER:**

First Advantage admits that some of its business activities make it a "consumer reporting

agency" under the FCRA as to those activities only. First Advantage denies the remaining

allegations in Paragraph No. 105 of the Complaint regarding First Advantage. First Advantage

lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph No. 105 of the Complaint.

**COMPLAINT ¶106:**

At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15
U.S.C. § 1681a(c).

**ANSWER:**

First Advantage admits the allegations in Paragraph No. 106 of the Complaint.

**COMPLAINT ¶107:**

At all times pertinent hereto, the above-mentioned employment reports were "consumer report[s]" as that term is defined by 15 U.S.C. § 1681a(d).

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 107 of the Complaint regarding

the background report that First Advantage prepared on Plaintiff for Walmart.  First Advantage

lacks knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in Paragraph No. 107 of the Complaint.

**COMPLAINT ¶108:**

Defendants violated 15 U.S.C. § 1681e(b) by failing to establish or to "follow reasonable procedures to assure maximum possible accuracy" in the preparation of the employment reports they sold about Plaintiff as well as the information they published within the same.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 108 of the Complaint regarding

First Advantage.  First Advantage lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in Paragraph No. 108 of the Complaint.

**COMPLAINT ¶109:**

As a result of Defendants' violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities, wages, and benefits; loss of economic opportunities and positions and advancements in the future; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 109 of the Complaint regarding

First Advantage.  First Advantage lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in Paragraph No. 109 of the Complaint.

**COMPLAINT ¶110:**

Defendants willfully violated 15 U.S.C. § 1681e(b) in that its conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, they were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 110 of the Complaint regarding

First Advantage.  First Advantage lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in Paragraph No. 110 of the Complaint.

**COMPLAINT ¶111:**

Plaintiff is entitled to recover statutory damages, punitive damages, and reasonable attorneys' fees and costs from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**ANSWER:**

First Advantage denies the allegations in Paragraph No. 111 of the Complaint regarding

First Advantage.  First Advantage lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in Paragraph No. 111 of the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

i.    Determining that Defendants negligently and/or willfully violated the FCRA;

ii.    Awarding Plaintiff actual, statutory, and punitive damages as provided by the FCRA;

iii.    Awarding Plaintiff reasonable attorneys' fees and costs as provided by the FCRA; and,

iv.    Granting further relief, in law or equity, as this Court may deem appropriate and just.

**ANSWER:**

Plaintiff's allegations constitute a prayer for relief requiring neither an admission nor a denial by First Advantage.  To the extent an answer is required, First Advantage denies that Plaintiff is entitled to any relief whatsoever.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

**ANSWER:**

First Advantage admits that Plaintiff demands a trial by jury on all issues so triable.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Plaintiff is not entitled to punitive damages because First Advantage engaged in good faith efforts to comply with the FCRA, First Advantage's reading of its obligations under the FCRA is and was objectively reasonable, and any purported violations were not willful.

### SECOND DEFENSE

To the extent Plaintiff has failed to mitigate his alleged damages, any recovery should be reduced accordingly.

Respectfully submitted,


By: /s/   *Emma C. Mata*

Emma C. Mata
Texas Bar No. 24029470
emata@seyfarth.com
SEYFARTH SHAW LLP
700 Milam Street, Suite 1400
Houston, Texas  77002-2812
Telephone: (713) 225-2300
Facsimile:  (713) 225-2340

*Attorney for Defendant First Advantage*
*Background Services Corp.*

Date: September 11, 2023

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 11, 2023, I filed the foregoing **DEFENDANT FIRST ADVANTAGE BACKGROUND SERVICES CORP.'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Emma C. Mata*

Emma C. Mata
*Attorney for Defendant First Advantage Background Services Corp.*

97999663v.4